The decision below is hereby signed. Dated: May 11, 2006.

_S. Martin Teel_
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

In re                              )
                                   )
EDNA R. ROBINSON,                  )    Case No. 06-00103
                                   )    (Chapter 13)
            Debtor.                )

DECISION REGARDING DEBTOR'S RESPONSE TO ORDER TO SHOW CAUSE

The debtor in this case has filed a series of responses to an order to show cause entered by the court and a motion to dismiss filed by the chapter 13 trustee (D.E. Nos. 32-33 & 34-35, filed on May 5, 2006, and May 9, 2006, respectively). Both the order to show cause and the motion to dismiss require that the debtor explain why her case ought not be dismissed due to the debtor's apparent ineligibility for title 11 relief under 11 U.S.C. § 109(h), which requires individuals to obtain credit counseling on a date prior to the petition date to qualify as a

"debtor."[1] The debtor concedes that she did not receive the required credit counseling prior to the petition date, but argues strenuously that she should be granted a temporary waiver of the requirement pursuant to 11 U.S.C. § 109(h)(3).[2]

As the court explained in its show cause order, one of the prerequisites for a temporary waiver under § 109(h)(3) is that "the debtor certifies that she requested credit counseling services from an approved non-profit budget and credit counseling agency before she filed her petition, but was unable to obtain the necessary services within five days of the request" (Order at

---

[1] In addition to the reasons listed in the court's order to show cause, the chapter 13 trustee argues that the debtor's request for a temporary waiver of the credit counseling requirement of § 109(h) should be denied because the "exigent circumstances" alleged by the debtor--imminent foreclosure on the debtor's house--are only "exigent" due to the debtor's dalliance in seeking bankruptcy relief. Compare In re DiPinto, 336 B.R. 693, 697-98 (Bankr. E.D. Pa. 2006) (imminent sheriff's sale constitutes "exigent circumstances," but those circumstances do not "merit a waiver" where the debtor had proper notice of the sale and failed to act until the last minute) with In re Childs, 335 B.R. 623, 630 (Bankr. D. Md. 2005) (standard for "exigent circumstances" is "not one of 'excusable neglect' that would require the [c]ourt to delve into the reasons why the exigent circumstances occurred"). The court has not yet had occasion to address this difficult issue, see In re Jones, Case No. 05-02409, slip order at 6 (Bankr. D.D.C. Jan. 20, 2006) (assuming without deciding that imminent foreclosure constitutes "exigent circumstances"), and declines to do so here where there are other, more obvious reasons to dismiss the debtor's case.

[2] The debtor filed a certificate of credit counseling on May 9, 2006, indicating that she received counseling on April 24, 2006--twelve days after she filed her petition for bankruptcy. Thus, if the court were to grant the debtor the temporary waiver that she seeks, the debtor would be in compliance with § 109(h).

2

2). The court explained in some detail how the debtor failed to satisfy this requirement:

> In her certificate, the debtor states that she contacted two credit counseling services, neither of which could provide telephonic service to the debtor right away. The debtor does not, however, state that these agencies could not assist her within five days of her request, as required by § 109(h)(3). Instead, she states that representatives from both services promised to "have someone get in touch with" her (Cert. of Waiver ¶ 5).
>
> The debtor's averment that representatives from two credit counseling providers could not counsel her at the very instant that she called them is by no means proof that the credit counseling providers could not have assisted the debtor within five days of her request. Under the circumstances, the debtor should have either (1) obtained confirmation from the credit counseling providers that they could not assist her for at least five days or (2) waited five days for a return call from the credit counseling providers before filing for bankruptcy. The debtor's failure to take such action renders her certificate infirm.

(Order at 2-3).

Rather than dismiss the debtor's case outright, the court allowed the debtor fifteen days to show cause why the debtor's case ought not be dismissed. There were essentially two ways for the debtor to avoid dismissal of her case. First, she could have demonstrated that she actually received credit counseling prior to the petition date. Failing that, she could have qualified for a temporary waiver under § 109(h)(3) by showing that she "(1) obtained confirmation from the credit counseling providers that

3

they could not assist her for at least five days or (2) waited five days for a return call from the credit counseling providers before filing for bankruptcy" (Order at 3).

The debtor's response establishes none of these things. Instead, the debtor argues that § 109(h)(3) should apply "where [the] debtor first seeks credit counseling within 5 days before some 'crisis' event (e.g., foreclosure, eviction, seizure of property, etc.), cannot obtain such counseling before that event is scheduled to occur, and files a [p]etition at least one day after the attempt, but before the expiration of the 5 day period from the attempt" (Response at 2-3).  In other words, the debtor asks the court to suspend the timing requirement set forth in § 109(h)(3)(A)(ii) whenever the debtor's "exigent circumstances" require immediate bankruptcy relief.

The court declines to accept the debtor's proffered reading of § 109(h).  Simply put, there is nothing in the text of the statute to support the notion that the timing requirement of § 109(h)(3)(A)(ii) is itself waivable according to the dictates of the debtor's circumstances.  To the contrary, the statutory language makes quite clear that a debtor must demonstrate both that there are exigent circumstances requiring deferral of the required credit counseling and that the debtor could not obtain credit counseling within five days of her request.  This is not a "tortured reading" of the statute (Response at 3); it is the only

one.  See In re Wallert, 332 B.R. 884, 888 (Bankr. D. Minn. 2005) (holding that five-day period set forth in § 109(h)(3) must be observed even where sheriff's sale was imminent and debtor could not obtain counseling prior to sale).

Finally, the debtor asks the court to "be []mindful of the practical effect" of dismissing the debtor's case with respect to both the debtor and the court's administration of the case (Response at 3).  The court has noted on several occasions that its fidelity to the text of § 109(h) can sometimes lead to "harsh" results.  In re Hawkins, Case No. 06-00057, slip order at 5 (Bankr. D.D.C. March 21, 2006); see also In re Beard, Case No. 05-02408, slip order at 2 (Bankr. D.D.C. February 16, 2006).  But the court has also recently concluded that eligibility under § 109(h) is necessary for this court to assert subject matter jurisdiction over a case, and that the statute's provisions cannot be ignored whenever the court finds it convenient to do so.  See In re Hawkins, 2006 WL 1071682, **1-4 (Bankr. D.D.C. April 20, 2006).

The debtor failed to obtain the credit counseling required by § 109(h)(1) on a date prior to the petition date and cannot demonstrate that credit counseling was unavailable for five days after her initial request.  Under the plain language of § 109(h), she is ineligible for relief under title 11 and her case must be dismissed.  However impractical or unfair the debtor perceives

5

this result to be, that is the law as set forth by Congress, and this court will abide by it.

A separate order follows.

[Signed and dated above.]

Copies to: Debtor; debtor's counsel; chapter 13 trustee